IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUSTAFA AWAD (TDCJ No. 1017355), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-CV-1996-M |
| LT. ENRIQUE, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

**Background**

Plaintiff is incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division. He is proceeding *pro se*, and has filed several pages of inmate grievance forms. Because he appears to seek relief from an official at his institution of confinement, the Court docketed this as an action pursuant to 42 U.S.C. § 1983. Plaintiff has neither filed a motion for leave to proceed *in forma pauperis* nor paid the filing fee to initiate this action.

**Legal Standards**

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in

federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* To meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.*

## Analysis

Plaintiff's current filing falls under the three-strikes provision. He has filed at least three prisoner civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Awad v. Doe*, No. 3:14-CV-4308-N-BH (N.D. Tex. Dec. 11, 2014); *Awad v. Administrative Captain at Darrington Unit, et al.*, No. G-08-191 (S.D. Tex. Nov. 28, 2008); *Awad v. Jacoby Hospital, et al.*, No.3:09-CV-2275-G (N.D. Tex. April 2, 2010); *Awad v. Jacoby Hospital*, No. 3:12-CV-0600-D (N.D. Tex. May 2, 2010)."), *rec. adopted*, No. 3:14-CV-4308-N-BH (N.D. Tex. Jan. 14, 2015), Dkt. Nos. 7 & 8.

Under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

Plaintiff has made no claim that he is in imminent danger of serious physical injury.

## Recommendation

The Court recommends that this case be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within fourteen days.

Signed this 22nd day of June, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).